IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CYNTHIA ELLEN PRESS,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Civ. No. 08-1089-AC

OPINION AND ORDER

_____

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiff Cynthia Ellen Press ("Press") seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after the ALJ's denial of her claim was reversed and remanded for further administrative proceedings. Press argues that she is entitled to fees because the government's position was not substantially justified. Defendant Commissioner of Social

OPINION AND ORDER                       1                      {KPR}

Security ("the Commissioner") argues that an award of fees is not warranted because its position was substantially justified.

*Background*

Social Security Ruling ("SSR") 00-4p provides that the ALJ has an affirmative duty to question the vocational expert ("VE") as to whether his or her testimony conflicts with information provided in the Dictionary of Occupational Titles ("DOT"). In remanding this action to the ALJ, the court relied on the ruling in *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007). In *Massachi*, the Ninth Circuit held that an ALJ may not rely on VE testimony without first inquiring as to whether it conflicts with information in the DOT. *Id.* at 1152. The Ninth Circuit stated, however, that such error may be found harmless "were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflict . . . ." *Id.* at 1154 n.19.

In the present case, the Commissioner conceded that the requisite inquiry had not taken place, but argued that Press had failed to identify a conflict and that the invited error doctrine precluded Press from raising this argument. The court concluded that the ALJ's failure to comply was not excused under the invited error doctrine. The court thus remanded this case on the ground that the ALJ had failed to comply with the requirement of SSR 00-4p, noting also that the Commissioner had not argued that the error was harmless and that the court lacked a basis upon which to so conclude.

*Legal Standard*

The Social Security Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position

>of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (2011). The Supreme Court has interpreted "substantially justified" to mean "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This is indistinguishable from the standard adopted by the Ninth Circuit which requires a reasonable basis in both law and fact. *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988) (citing *League of Women Voters of California v. FCC*, 798 F.2d 1255, 1257 (9th Cir. 1986)). The Commissioner bears the burden of proof and "must prove that [his] position had a reasonable basis in both law and fact." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The mere fact that the government did not prevail does not raise the presumption that it lacked substantial justification. *Kali*, 854 F.2d at 332. The court should consider the totality of the circumstances and, in doing so, "must look both to the position asserted by the government in the trial court as well as the nature of the underlying government action at issue." *League of Women Voters of California*, 798 F.2d at 1258. The reasonableness of the government action may be informed by relevant precedent. *Kali*, 854 F.2d at 332 ("Perhaps the most important of these extraneous circumstances will be the existence of precedent construing similar statutes or similar facts." (citing *Pierce*, 487 U.S. at 569)).

*Discussion*

Press argues that the Commissioner's position was not substantially justified because the ALJ committed a number of legal errors and a defense contrary to settled law is never substantially justified. The Commissioner responds that its position had been approved by other courts in this

district and, furthermore, that a lack of justification is not presumed simply because the government's position was unsuccessful. In particular, the Commissioner argues that it was not unreasonable to oppose remand on the ground that the error was harmless. The Commissioner cites a decision from this district, *Gigstad v. Astrue*, Civ. No. 08-104-MA (Oct. 15, 2009), wherein Judge Marsh held that, though the Commissioner failed to question the vocational expert as to the Dictionary of Occupational Titles, the error was harmless.

The court agrees that the Commissioner's position was not unreasonable. First, there was a reasonable basis in law to oppose remand on the ground that the error was harmless. The Ninth Circuit established an exception for harmless error in *Massachi*. Although the Commissioner's position on harmless error was not clearly articulated at the time, its argument that Press had not met her burden to identify a conflict provided a reasonable basis upon which to oppose remand. The Commissioner's failure to convince the court on this point does not render its position unjustified. Furthermore, the Commissioner's concession that the ALJ failed to comply with SSR 00-4p at least underscores the finding that a reasonable person would be satisfied that the Commissioner's litigation position was justified.

Second, the nature of the underlying government action was not itself unreasonable. In *Yang*, the Ninth Circuit determined that the Commissioner's position with respect to the underlying application was not reasonable. In particular, the court observed that the Commissioner "failed to make her determination on the basis of evidence adduced at the hearing[,]" and determined that this failure was a violation of due process. 22 F.3d at 217. In *Kali*, the Ninth Circuit held that the government's action was reasonable because "[t]he applicable statutory language could be read to support the Secretary's regulations." 854 F.2d at 334. Here, although it is strictly true that failure

to comply with SSR 00-4p is grounds for remand, there is nothing to suggest that it was anything other than an oversight on the ALJ's part. Accordingly, on the record before it, the court cannot conclude that the ALJ's failure to so comply was unreasonable.

In light of the totality of the circumstances, the Commissioner was substantially justified in opposing Press on this issue. As such, the court declines to award attorney fees under the EAJA and need not consider the appropriate amount of fees.

*Conclusion*

For the reasons stated, Press's Amended Application for Fees Pursuant to EAJA (#39) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of July, 2011.

/s/ John V. Acosta<br>JOHN V. ACOSTA<br>United States Magistrate Judge